UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

LISA SHAVELSON

     Plaintiff

v.

CREDIT CONTROL SERVICES INC. d/b/a
CREDIT COLLECTION SERVICES INC.

     Defendant

_____/

## COMPLAINT

### JURISDICTION and PARTIES

1.    This is an action for damages pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et. seq., and the Florida Consumer Collection Practices Act (FCCPA), §Fla. Stat. 559.72.

2.    This court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337(a) and 15 U.S.C. §1692k(d).

3.    Venue in this district is proper pursuant to 28 U.S.C. §1391 because the Defendant transacts business in this district, and the events which give rise to this complaint occurred in this district.

4.    Plaintiff, LISA SHAVELSON is a natural person residing at all relevant times in Palm Beach County, Florida.

5.    Plaintiff is a consumer, as defined by 15 U.S.C. §1692a(3).

6.    Plaintiff is a consumer as defined by Fla. Stat. §559.55(2).

7.    Defendant CREDIT CONTROL SERVICES INC. d/b/a CREDIT COLLECTION SERVICES INC. ("CCS") is a Florida corporation with its principle place of business in Newtown, MA, and is in the business of collecting consumer debts for which it uses the mails and phone, and transacts business on a regular basis collecting consumer debts, and which regularly transacts business in, and attempts to collect consumer debts in Palm Beach County, Florida.

8.    Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

9.    Defendant is a debt collector and/or consumer collection agency, as defined in Fla. Stat. §559.55(6) and (7) or otherwise is obligated to comply with the provisions of Fla. Stat. §559.72.

<u>FACTS</u>

10.   Defendant sent and thereafter Plaintiff received, a collection or "dun" letter, attached hereto as Exhibit A, seeking to collect debt allegedly incurred by the Plaintiff.

11.   The debt which Defendant sought to collect was related to medical services, and is a consumer debt as defined by 15 U.S.C. §1692a(5) and Fla. Stat. §559.55(1).

12.   Exhibit A provides a notice required by 15 U.S.C. §1692g, commonly known as a "g notice." 15 U.S.C. §1692g provides in relevant part:

> **(a) Notice of debt; contents**
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

...

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;**

13.    Thus, pursuant to 15 U.S.C. §1692g ,a consumer has thirty days "after receipt of notice," to exercise verification rights and other rights under the statute.

14.    In addition to containing a "g notice," Exhibit A also states that:

**"You are hereby notified that a negative credit report reflecting on your credit report may be submitted to a consumer reporting agency if you fail to fulfill the terms of your credit obligations. Adverse credit information is scheduled to be reported on or after 1/25/14."**

15.    Exhibit A is dated December 20, 2013. However, it was not actually postmarked until December 23, 2013, (See Exhibit B), and was not received by the Plaintiff until December 30, 2013.

16.    Thus, pursuant to 15 U.S.C. §1692g, plaintiff had thirty (30) days from December 30, 2013, (until January 29, 2014), to exercise her rights under the statute.

17.    Exhibit A by threatening adverse credit action sooner than 30 days after the Plaintiff's receipt of same, is a statement that payment must be received in less than the thirty days as required by the statute.

18.    By threatening that adverse credit action was scheduled to be reported as early as January 25, 2014, which is less than thirty days from Plaintiff's receipt of the

dun letter, Defendant has contradicted the Plaintiff's right to dispute the debt for a full thirty days after her receipt of the correspondence, as required by 15 U.S.C. §1692g.

19.     The least sophisticated consumer would be lead to believe that to avoid negative consequences to his or her credit report, that payment would have to be made in less than 30 days from the receipt of Exhibit A. The language of Exhibit A thus overshadows the Plaintiff's rights under 15 U.S.C. §1692g.

20.     Exhibit A was the Defendants' initial communication to the Plaintiff with respect to this alleged debt, or was sent to Plaintiff within five days of Defendants initial communication to Plaintiff.

## COUNT I — VIOLATION OF THE FDCPA —15 U.S.C. §1692g

21.     Plaintiff realleges and reavers paragraphs 1-20 as if fully set forth herein.

22.     The allegations herein constitute violations of 15 U.S.C. §1692g by overshadowing the Plaintiff's rights and by providing less than the required amount of time for Plaintiff to exercise her rights, as more fully set forth above.

23.     As a result of the violations herein, the Plaintiff is entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A); Costs pursuant to 15 U.S.C. 1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

## COUNT II — VIOLATION OF THE FDCPA —15 U.S.C. §1692e

24.     Plaintiff realleges and reavers paragraphs 1-20 as if fully set forth herein.

25.     The allegations herein constitute false and misleading representations in violation of:

a) 15 U.S.C. §1692e in that the allegations above all constitute false and misleading representations and deceptive means, taken in an effort to collect the debt from the Plaintiff;

b) 15 U.S.C. §1692e(5) in that Exhibit A threatens to report adverse credit information to Plaintiff's credit report on a date sooner than it may legally do so.

26.     As a result of the violations herein, the Plaintiff is entitled to statutory damages, costs, and attorneys fees.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A); Costs pursuant to 15 U.S.C. 1692k(a)(3) and Fed. R. Civ. P. 54(d), and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3).

## COUNT III — VIOLATION OF THE FCCPA

27.     Plaintiff realleges and reavers paragraphs 1-26 as if fully set forth herein.

28.     Fla. Stat. §559.72(9) makes it a prohibited collection activity to:

**Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, *or assert the existence of some other legal right when such person knows that the right does not* exist.[emphasis added]**

29.     Pursuant to Fla. Stat. §559.77(5), "In applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act."

30.     Defendant knowingly and intentionally made the statements contained in Exhibit A, knowingly and intentionally sent said letter to the Plaintiff, and allowed or otherwise consented to letters such as Exhibit A to be sent from Defendant's office.

31.     Defendants also were well aware that they would not be entitled to report anything to Plaintiff's credit, or take any actions which otherwise would coerce Plaintiff into making payment sooner than 30 days after Plaintiff's receipt of Exhibit A, yet they made such assertions nonetheless.

32.     Defendants were also aware that a letter postmarked December 23, 2013, would take at least 5-6 days to be received by the consumer, particularly given the holiday season mails. Defendants knew that in order to provide the full thirty days, the letter would have had to have been received by December 26, 2013—the day after Christmas, three business days after postmark—a virtual impossibility during holiday season. Defendants could have chosen any date to threaten to report to Plaintiff's credit, but rather than state a date that would provide sufficient time to for Plaintiff to receive the letter, Defendants knowingly placed the date of January 25, 2014.

33.     The violations herein are of such frequency, persistence, and were intentional such that the Court should award additional statutory damages pursuant to Fla. Stat. §559.772(2).

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff for statutory and actual damages, as well as attorneys fees and costs, pursuant to Fla. Stat. §559.77(2).

## JURY TRIAL

Plaintiff requests a jury trial for all matters so triable as a matter of law.

DATED THIS 21 day of February 2014

Respectfully Submitted by:

**JASON WEAVER PA**

Jason Weaver esq
FBN 0392596
3531 Griffin Rd.
Ft. Lauderdale, FL 33312
(954) 987-0515
jason@jasonweaverpa.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

1. I am the Plaintiff in this civil proceeding.
2. I have read the above Complaint prepared by my attorneys and I believe that all the facts contained in it are true to the best of my knowledge information and belief after reasonable inquiry.
3. I believe that this Complaint and the facts alleged therein are well grounded in fact and warranted by existing law or by a good faith argument for the extension of modification or reversal of existing law.
4. This Complaint is not interposed for any improper purpose such as to harass or annoy the Defendants or create needless increase in the cost of litigation to any Defendant in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which is attached to this complaint is a true and correct copy of the original.
7. Except for redactions made by my attorneys where appropriate, I have not altered, modified or fabricated any exhibits, except that some exhibits may contain handwritten notations by me.

PURSUANT TO 28 U.S.C. 1746(2), I, LISA J. SHAVELSON, hereby declare certify or state that the foregoing is true and correct.

_____
LISA SHAVELSON

_____2/25/14_____
DATE

8